United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:

Ci Qing Zhou,
        Debtor.
_____/

Case No. 04-41718-R
Chapter 7

Yun Zhong Qui,
        Plaintiff,

v.

Adv. No. 04-4400

Ci Qing Zhou,
        Defendant.
_____/

Opinion
[For Publication]

I.

This matter is before the Court on a complaint seeking a determination that the debt owed to the plaintiff, Yun Zhong Qui, by the debtor, Ci Qing Zhou, is nondischargeable under 11 U.S.C. § 523(a)(6). Qui contends that Zhou falsely accused him of serial sexual assaults and other crimes, and that he has been willfully and maliciously injured as a result. Zhou maintains that her charges are true. However, the evidence establishes that Zhou's charges result from her mental illness and that although she genuinely believes that the charges are true, the charges are in fact totally false. Nevertheless, under applicable law, because Zhou believes the charges, the Court cannot conclude that Qui's injury was "willful and malicious" under § 523(a)(6). Therefore, the Court must dismiss the complaint.

Qui's claims against Zhou have been the subject of litigation in state court. On December 1, 2000, Qui filed a complaint against Zhou alleging defamation, malicious prosecution, abuse of process and intentional infliction of emotional distress. Qui and Zhou were co-workers at the City of Detroit Water Department. The complaint alleged that Zhou harassed Qui by filing false complaints with human resources personnel alleging that Qui sexually assaulted her and conspired to steal her green card and money. The complaint further alleged that Zhou filed false police reports against Qui asserting that Qui broke into her house and raped her.

On February 26, 2002, Zhou filed a motion for summary judgment in the state court. On August 16, 2002, the state court granted the motion with respect to the defamation claims that pre-dated 1999, the defamation claims with regard to any statement made to police or in court, and the malicious prosecution claims. The court denied the motion with respect to the abuse of process and intentional infliction of emotional distress claims.

On October 16, 2002, the trial court entered a default judgment against Zhou because her attorney failed to appear for a pre-trial conference. A jury trial was conducted solely on the issue of damages. Zhou was ordered to pay $139,200 in damages and attorney costs. Zhou filed an appeal.

On January 22, 2004, while the appeal was pending in state court, Zhou filed for Chapter 7 relief. On April 14, 2004, Qui filed this complaint objecting to the discharge of debt under 11 U.S.C. § 523(a)(6). The complaint also objected to the discharge under 11 U.S.C. § 727(a)(2) and (a)(4), but these claims were not asserted in the joint final pretrial order or at trial and therefore are deemed abandoned.

On September 14, 2004, the Michigan Court of Appeals reversed the trial court's default judgment

and the trial court's denial of the motion for summary judgment on the abuse of process claim.

On June 13, 2005, this Court denied Zhou's motion for summary judgment on the defamation and intentional infliction of emotional distress claims because the prior jury verdict and judgment were vacated.

Following a trial, the Court took the matter under advisement.

II.

Qui has the burden of proving by a preponderance of evidence that Zhou is indebted to him and that the debt is nondischargeable under § 523(a)(6). *Grogan v. Garner*, 498 U.S. 279, 283, 111 S. Ct. 654 (1991).

Section 523(a)(6) of the Bankruptcy Code provides:

> (a) A discharge under . . . this title . . . does not discharge an individual debtor from any debt--
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity . . .

"Willful" is defined as "deliberate or intentional." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 n.3, 118 S. Ct. 974 (1998). "Malicious" is defined as "in conscious disregard of one's duties or without just cause or excuse." *Gonzalez v. Moffitt* (*In re Moffitt*), 252 B.R. 916, 923 (B.A.P. 6th Cir. 2000); *Monsanto Co. v. Trantham* (*In re Trantham*), 304 B.R. 298, 308 (B.A.P. 6th Cir. 2004).

This exception to discharge requires a deliberate or intentional injury, rather than a deliberate or intentional act that leads to injury. *Kawaauhau v. Geiger*, 523 U.S. at 61. "[U]nless 'the actor desires to cause consequences of his act, or . . . believes that the consequences are substantially certain to result

from it,' he has not committed a 'willful and malicious injury' as defined under Section 523(a)(6)." *Markowitz v. Campbell* (*In re Markowitz*), 190 F.3d 455, 464 (6th Cir. 1999) (internal citations omitted). Thus, to demonstrate that a debt resulted from a "willful and malicious" injury, the plaintiff must establish that the defendant either (1) intended to cause the injury, or (2) engaged in an intentional act from which she believed injury would be substantially certain to result. *In re Markowitz*, 190 F.3d at 464; *In re Moffitt*, 252 B.R. at 921-2.

III.

The testimony in this case firmly establishes that Zhou's accusations injured Qui. His reputation in the community was injured and he suffered substantial emotional distress. Although it appears that most people did not believe Zhou's allegations against Qui, a few did have questions. Moreover, the evidence establishes that Qui's employment suffered substantially as a result of his anxiety and depression stemming from these statements.

The issue is whether Zhou's injury to Qui was "willful and malicious." This issue requires an examination of Zhou's schizophrenia and her resulting mental status at the time of her accusations against Qui. The evidence overwhelmingly establishes that Zhou suffers from schizophrenia; indeed, it was readily and convincingly manifested throughout her testimony.

Qui argued that despite Zhou's schizophrenia, she had demonstrated that she was capable of working as an engineer, of taking care of herself, and of maintaining a driver's license. Qui claimed that therefore Zhou had an adequate understanding that he would be injured by her actions in making false police reports and in making false complaints to co-workers, and that accordingly, her actions were willful

and malicious.

However, Zhou's doctor testified that working and driving a car have no bearing on having paranoid delusions or on Zhou's grasp on reality. The Court finds that Zhou's doctor was credible in his testimony that Zhou has chronic paranoid schizophrenia which is manifested in persecution delusions. The doctor stated that Zhou was not in touch with reality, could not understand the ramifications of her actions, and could never intentionally harm anyone.

The evidence does establish that Zhou knew that her accusations would harm Qui. Zhou testified that she made her allegations about Qui because she needed help from the police and her employer, because she had lost her security, and because she thought that Qui needed to see a doctor to get help. However, Zhou also testified that she did not want the police to arrest Qui, indicating she was, at a minimum, aware that an arrest was a possible outcome of her statements. Zhou also testified that she understands the legal system. It is clear enough, therefore, that Zhou knew and intended that the police and her employer would investigate her charges and might take punitive measures against Qui. Zhou's actions were thus intentional and deliberate, and she knew she was injuring Qui by her actions. Accordingly, Qui's injury was "willful" in the sense described in *Kawaauhau v. Geiger*, 523 U.S. 57. Although the police did question Qui on Zhou's several charges, he was never arrested.

Qui must also establish that his injury was "malicious" - that in making her allegations against Qui, Zhou acted in conscious disregard of her duties or without just cause or excuse. *In re Moffitt*, 252 B.R. at 923; *In re Trantham*, 304 B.R. at 308. A basic principle controls this issue. Anyone who genuinely believes that he or she has been the victim of a serious crime has a right, if not an obligation, to report it. And certainly that basic principle applies even to those suffering from a serious mental illness such as

schizophrenia.

In this case, the Court finds that Zhou was credible when she stated that she believed that Qui had raped her and committed other crimes against her. Although the charges are false by any objective accounting of reality, in Zhou's mind they were and are true. Zhou thus acted consistently with her duties and not in conscious disregard of them, and was fully justified in doing so. Therefore, the Court finds that Qui's injury was not "malicious."

Accordingly, the Court will enter an order dismissing the complaint.

**Entered: October 06, 2005**

                 **/s/ Steven W. Rhodes**
              **Steven W. Rhodes**
              **Chief Bankruptcy Judge**